**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

FITNESS OM LLC d/b/a CLUB PILATES

    Plaintiff,

vs.                                              CASE NO.: _____

ARCH INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

Plaintiff, FITNESS OM LLC d/b/a CLUB PILATES, by and through the undersigned attorney, files this action against Defendant, ARCH INSURANCE COMPANY, and alleges:

### NATURE OF ACTION

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 to determine questions of insurance coverage under a policy of insurance issued by Defendant to Plaintiff.

2. This is also an action for breach of an insurance contract for Defendant's failure to pay insurance policy proceeds that were due and owing to Plaintiff under the policy of insurance.

### JURISDICTION AND VENUE

3. Plaintiff is a Florida Limited Liability Company with its principal place of business at 150 SE 2nd Ave., Suite 505, Miami, Florida. Florida. Plaintiff owns and operates a fitness studio "Club Pilates" located at 3802 N Federal Highway, Fort Lauderdale, Florida.

4. Defendant is a "for profit" corporation with a principal place of business at 2345 Grand Boulevard, Suite 900, Kansas City, Missouri. At all times material, Defendant was licensed to do business in the State of Florida. Defendant was and is engaged in a course of conduct in which revenue was derived from providing goods and/or services throughout Florida, and maintained one or more agents and/or representatives in Florida. Defendant entered into insurance contracts with insureds located in Florida, including Fort Lauderdale, Florida.

5. The amount of coverage sought in this declaratory judgment action exceeds the jurisdictional limits of this Court.

6. The action also seeks damages in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and attorney's fees.

7. Venue is proper in this Court because Plaintiff's principal place of business is in the Southern District of Florida; the Policy was entered into, issued, and covers property located in the Southern District of Florida; and this cause of action arose in the Southern District of Florida.

**POLICY**

8. Defendant issued Plaintiff a "Commercial Inland Marine" policy of insurance, Policy Number SBIML0087802 (the "Policy"). The Policy had an effective date of May 1, 2019, to May 1, 2020. A copy of the Policy in Plaintiff's possession is attached as Exhibit "A." A certified copy of the Policy is in the exclusive control of Defendant, and Plaintiff expects Defendant will produce the certified copy in discovery.

9. At all times material the Policy was in full force and effect and provided coverage to Plaintiff's property at 3802 N Federal Highway, Fort Lauderdale, Florida.

10. The Policy contains an "XPONENTIAL FITNESS ENDORSEMENT" Form. The Policy's fitness endorsement provides:

    A. Coverage.

        We will pay for loss of or damage to Covered Property from any of the Covered Causes of Loss.

        1. Covered Property

            Covered Property, as used in this coverage form, means the property described in the Declarations that:

            a. You own; or

            b. Is in your care, custody or control.

Exhibit A at page 30.

11. The Policy's fitness endorsement further provides:

    3. Covered Causes Of Loss

        Covered Causes of Loss means Direct Physical Loss Or Damage to Covered Property except those causes of loss listed in the Exclusions.

Exhibit A at page 30.

12. The Policy's "Exclusions" to coverage are listed on Exhibit A at page 35-36. The Policy does not exclude "direct physical loss or damage to covered property" from virus or pandemic. The Policy does not exclude "direct physical loss or damage to covered property" from the threat of virus or pandemic. Therefore, "direct physical loss or damage to covered property" from virus, pandemic, or the threat of virus or pandemic is a Covered Cause of Loss under the Policy.

13. The Policy does contains an Exclusion for "Governmental Action," but only if the governmental action is "Seizure or destruction of property by order of governmental authority." Exhibit A at page 35. Plaintiff states there has been no seizure or destruction of its property, and this Governmental Action exclusion does not apply to Plaintiff's claims.

14. The Policy provides coverage for Business Income and Extra Expense and states, in pertinent part:

Business Income and Extra Expense

a. Coverage is extended to cover "Business Income"/"Extra Expense" incurred when your covered property is damaged by a Covered Cause of Loss. We will pay any "Extra Expense" to continue your normal operations:

    (1) at the described premises; or

    (2) at replacement premises or temporary locations; including:

        (a) relocation expenses; and

        (b) costs to equip or operate the replacement or temporary locations; and

We will also pay for any corresponding "Extra Expense" to minimize the suspension of your normal operations if you cannot continue them.

b. We will pay for the actual loss of "Business Income" you sustain and necessary "Extra Expense" caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss. The coverage for "Business Income" will begin 72 hours after the time of that action and will apply for a period of up to three consecutive weeks after coverage begins. The coverage for "Extra Expense" will begin immediately after the time of that action and will end: (1) 3 consecutive weeks after the time of that action; or (2) When your "Business Income" coverage ends; whichever comes first.

c. The following, when used in this section, are defined as follows:

    (1) "Business Income" means Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred during the "period of restoration;" and continuing normal operating expenses including payroll.

    (2) "Extra Expense" means necessary expenses you incur during the "Period of Restoration" that you would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss.

    (3) "Period of Restoration" means the period of time that:

      (a)      Begins with the date of physical loss or damage caused by or resulting from any Covered Cause of Loss; and

      (b)      Ends on the date when the property should be repaired, rebuilt or replaced with reasonable speed and similar quality.

      (c)      "Period of Restoration" does not include any increased period required due to the enforcement of any ordinance or law that regulates the construction, use or repair, or requires the tearing down of any property; or requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants.

      (d)      The expiration date of this policy will not cut short the "Period of Restoration."

Exhibit A. at page 33.

### VIRUS/PANDEMIC

15. As this Court is well aware, SARS-CoV-2 (commonly called "COVID-19") is a most recent strain of coronavirus. It is publicly acknowledged that the COVID-19 is highly contagious and appears to have a higher mortality rate than other more common strains of virus.

### EXECUTIVE ORDERS

16. On March 1, 2020, Florida Governor DeSantis issued Executive Order No.: 20-51 and declared a state of emergency in Florida as a result of COVID-19. A copy of Executive Order No.: 20-51 is attached as Exhibit "B."

17. On March 20, 2020, Governor DeSantis issued Executive Order No.: 20-71, directly addressing "gyms and fitness centers." A copy of Executive Order No.: 20-71 is attached as Exhibit "C." Executive Order No.: 20-71 states, in pertinent part: "I hereby order the closure of gymnasiums and fitness centers within the State of Florida." Exhibit C.

18. On April 1, 2020, Governor DeSantis issued Executive Order No.: 20-91 and ordered all persons in Florida to practice "safer at home," including limiting movements and interactions to *only* those necessary to obtain or provide essential services or conduct essential activities. A copy of Executive Order No.: 20-91 is attached as Exhibit "D."

### DIRECT PHYSICAL LOSS, EXTRA EXPENSE, AND CIVIL AUTHORITY

19. Due to the existence of COVID-19 and the related pandemic, and the Executive Orders issued by Governor DeSantis that ban gatherings of more than 10 people, ordering the closure of fitness centers (including Plaintiff's fitness center), and requiring the public to practice "safer at home," the insured property is not able to function as intended by Plaintiff and Defendant. Plaintiff has lost the use of the insured property and as a result, Plaintiff lost the ability to operate as a fitness center and has necessarily had to suspend its business activities occurring at the insured property.

20. Plaintiff's loss of use of the insured property and insured property's inability to function as intended by Plaintiff and Defendant is a direct physical loss. As a result of this direct physical loss, Plaintiff has suffered loss of business income, has incurred "extra expense" to minimize the suspension of business and continue its operations, and has suffered other losses and damages. Plaintiff has further suffered loss of business income and extra expense due to the action of civil authority that prohibits access to Plaintiff's insured premises. The action of civil authority was a result of direct physical loss of or damage to other property, other than at the described premises, due to COVID-19, the related pandemic, and other covered causes of loss.

### COUNT I – DECLARATORY JUDGMENT

Plaintiff adopts and re-alleges all allegations contained in paragraphs 1 through 20 above, as though fully set forth in this Count.

21. Plaintiff is unsure of Plaintiff's right to coverage for direct physical loss, business interruption coverage, and extra expense coverage. Plaintiff believes the Policy provides coverage for all its COVID-19 and pandemic related injuries, damages, and losses. Plaintiff has therefore filed this action seeking a determination whether the Policy provides coverage to Plaintiff for these injuries, damages, and losses.

WHEREFORE, pursuant to 28 U.S.C. § 2201, Plaintiff, FITNESS OM LLC d/b/a CLUB PILATES, respectfully requests that this Court grant Declaratory Judgment for Plaintiff, declaring:

A. Plaintiff has sustained direct physical loss.

B. Plaintiff's loss is a covered loss which is not excluded or limited under the Policy.

C. Plaintiff has sustained loss of Business Income due to the necessary suspension of its operations during the period of restoration.

D. The suspension of operations was caused by direct physical loss to property at the insured premises.

E. Plaintiff incurred extra expense to avoid or minimize the suspension of business and to continue operations.

F. Plaintiff sustained loss of business income and incurred extra expense due to the action of civil authority that prohibits access to Plaintiff's insured premises.

### COUNT II – BREACH OF THE INSURANCE POLICY

Plaintiff adopts and re-alleges all allegations contained in paragraphs 1 through 20 above, as though fully set forth in this Count.

22. During the Policy period of May 1, 2019 to May 1, 2020, Plaintiff sustained physical loss to covered property from a covered cause of loss. Plaintiff suffered loss of business income and incurred extra expense as a result. Plaintiff also Plaintiff sustained loss of business

7

income and incurred extra expense due to the action of civil authority that prohibits access to Plaintiff's insured premises, in addition to other losses and damages.

23. Plaintiff notified Defendant of its losses.

24. Plaintiff complied with all conditions precedent to entitle Plaintiff to recover under the Policy, or Defendant waived compliance with such conditions.

25. Defendant has failed to provide the coverages for Plaintiff's losses, and has failed to pay for all of Plaintiff's losses. Defendant has denied all coverage for Plaintiff's claim. A copy of Defendant's denial letter is attached as Exhibit "E."

26. Defendant's failure to pay for Plaintiff's covered losses is a material breach of contract.

27. As a result of Defendant's material breach of contract, it has become necessary for Plaintiff to retain the services of the undersigned attorney.

WHEREFORE Plaintiff, FITNESS OM LLC d/b/a CLUB PILATES, demands judgment against Defendant, ARCH INSURANCE COMPANY, for all covered losses with interest on any overdue payments, any incidental and foreseeable consequential damages caused by Defendant's breach of contract, plus attorney's fees and costs pursuant to Sections 627.428, 57.041, and 92.231, Fla. Stat.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues to which it is so entitled.

Dated this 30th day of April, 2020.

_____
Mark A. Nation, Esquire
Board Certified Civil Trial Attorney
Board Certified Business Litigation Attorney
Florida Bar No.:  968560
570 Crown Oak Centre Drive
Longwood, FL 32750
Phone:  (407)339-1104
Fax:  (407)339-1118
Email:  bhirt@nationlaw.com (Primary)
mnation@nationlaw.com;
ppritchard@nationlaw.com (Secondary)
Attorney for Plaintiff

and

Frederick J. Pye III, Esq.
Florida Bar No.: 124221
Morgan & Morgan, P.A.
703 Waterford Way, Suite 1050
Miami, FL 33126
Phone : (305) 929-1921
Fax: (305) 929-1939
Email: fpye@forthepeople.com
blargaespada@forthepeople.com
Attorney for Plaintiff

9